1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

PAUL D. CARR,

Case No. 5:21-cv-00865-MRA (PVC)

12

                         Plaintiff,

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

13

        v.

14

DR. SHERIF ABDOU,

15

                         Defendant.

16
17
18

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Second

19

Amended Complaint, the records on file, and the Report and Recommendation of

20

the United States Magistrate Judge ("Report").  Further, the Court has engaged in a

21

*de novo* review of those portions of the Report to which objections have been made.

22

        The Report recommends the grant of summary judgment for Defendant on

23

Plaintiff's Eighth Amendment claims (Dkt. No. 91), the denial of Plaintiff's Rule

24

56(h) motion (Dkt. No. 100), and dismissal of this action with prejudice.  (Dkt. No.

25

111.)  As explained below, Plaintiff's Objections to the Report (Dkt. Nos. 115 and

26

120) do not warrant a change to the Report's findings or recommendation.

27

        Plaintiff objects that the Report overlooked that he raised a genuine dispute

28

of material fact through 46 factual exhibits and his verification.  (Dkt. No. 115 at 2.)

As the Report recognized, however, the Central District's Local Rule 56-4 expressly provides that "[t]he Court is not obligated to look any further in the supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes." (Dkt. No. 111 at 2 n.4.) Although Plaintiff's Opposition to the Motion for Summary Judgment did include citations to the record (Dkt. No. 99), Plaintiff did not explain how the citations raised a genuine dispute of material fact. In general, "[t]he 'party opposing summary judgment must direct [the court's] attention to specific, triable facts,' and the reviewing court is 'not required to comb through the record to find some reason to deny a motion for summary judgment.'" *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009) (quoting *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003)).

Nonetheless, Plaintiff's exhibits were reviewed by the Magistrate Judge (Dkt. No. 111 at 3 n.5) and by this Court. The Court concurs with the Report that, even after granting Plaintiff "the benefit of every justifiable inference, his claims – at most – show a disagreement as to how his medical conditions should have been addressed, which is insufficient to create a triable issue for a deliberate indifference claim." (*Id*. at 3.)

Plaintiff objects that he was denied equal protection because the Magistrate Judge declined to appoint counsel for him. (Dkt. No. 115 at 2.) To the contrary, the "exceptional circumstances" that would warrant the appointment of counsel—a "likelihood of success on the merits" and an inability to articulate the claims "*pro se* in light of the complexity of the legal issues involved"—were not present here. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). *See also* Dkt. Nos. 12, 31, and 48 (explaining why "exceptional circumstances" were not present in this case).

Plaintiff objects that, "if nothing else," the Court should review medical records showing that his Losartan dosage was 150 mg daily, rather than 100 mg daily, as Defendant claimed. (Dkt. No. 115 at 3.) As the Report found, however, "whether or not Plaintiff was prescribed 150 mg of Losartan [prior to his treatment by Defendant] is irrelevant to this case." (Dkt. No. 111 at 29.) Such evidence would "not show that a prescription for 100 mg of Losartan daily was medically unacceptable or that [Defendant] chose that dosage in the knowledge that the lower dose presented an excessive risk to Plaintiff's health. In fact, it did not." (*Id*.) As the Magistrate Judge explained in the Report: "Plaintiff's blood pressure was generally well controlled at Ironwood. The one time where his blood pressure was not well controlled was after Plaintiff had refused to take Losartan at all for four days in a row because he was upset that his Meclizine prescription was being gradually reduced and discontinued. After Plaintiff began taking Losartan regularly again, his blood pressure stabilized." (*Id.* at 19-30.)

Plaintiff objects that the Report misstated he was in a wheelchair due to chronic dizziness, rather than severe mobility restrictions. (Dkt. No. 115 at 3.) This objection does not overcome the Report's reasonable finding that Defendant's decision to gradually discontinue Plaintiff's prescription for Meclizine, whose side effects include dizziness and which is contraindicated for patients over 65 years old, was not deliberately indifferent. (Dkt. No. 111 at 27-28.)

Plaintiff objects that the Report used the unsworn statements of nurses to disparage Plaintiff's credibility. (Dkt. No. 115 at 3.) To the contrary, the Report made no credibility assessments. (Dkt. No. 111.)

Plaintiff objects that Defendant knew Plaintiff had fallen and remained deliberately indifferent. (Dkt. No. 115 at 4.) The Report recognizes the record submitted by Plaintiff that "reflect[s] that Defendant was notified on April 12, 2021 that Plaintiff had fallen." (Dkt. No. 111 at 21.) As the Report found, however, even assuming that Defendant was aware of the fall, which he denies, Defendant

3

would not have changed his mind about Plaintiff's prescriptions, "given how his fall is likely to have been a symptom caused by excessive doses of medication." (*Id*. at 22; Dkt. No. 91-1 at 13, ¶ 81.)  Plaintiff has not shown how such an assessment was medically unacceptable under the circumstances.

Plaintiff objects that he should be allowed additional discovery for his medical records. (Dkt. No. 115 at 4.)  As the Report reasonably found, however, the reopening of discovery is unwarranted. (Dkt. No. 111 at 29.)  Specifically, medical records about the treatment Plaintiff received before Defendant began treating Plaintiff would not show that Defendant's decision to reduce or gradually eliminate some of Plaintiff's medications was medically unacceptable under the circumstances.

Plaintiff objects that, once Plaintiff's vertigo and pain returned due to Defendant changing Plaintiff's medications, Defendant did nothing to correct the suffering. (Dkt. No. 115 at 5.)  To the contrary, Defendant authorized alternative treatments and then closely monitored Plaintiff's care by seeing him four times in less than two months and educating Plaintiff as to the reasons for the course of treatment. (Dkt. No. 111 at 32.)

Plaintiff raises a series of objections that, in effect, argue that the Report made "errors of facts" about his medical history. (Dkt. No. 115 at 5-8.)  None of these alleged errors call into question the Report's ultimate conclusion that Plaintiff failed to raise a triable issue that Defendant's treatment decisions were medically unacceptable under the circumstances.

Plaintiff objects that the Report overlooked evidence in determining the summary judgment motion. (Dkt. No. 115 at 8-10.)  To the contrary, even after drawing every justifiable inference in Plaintiff's favor, the evidence shows, at most, "a disagreement as to how his medical conditions should have been addressed, which is insufficient to create a triable issue for a deliberate indifference claim." (Dkt. No. 111 at 3.)

Plaintiff objects that "patients have the right to make their own health care decisions," including the "right to refuse certain kinds of medical care." (Dkt. No. 115 at 10-16.)  This case, however, was never about Plaintiff's right to refuse certain kinds of medical care.  Instead, it was about Plaintiff's insistence on receiving drugs that Defendant, a prison physician, believed were medically inappropriate.  As the Report recognized, a "difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." (Dkt. No. 111 at 18 (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)).

Plaintiff objects that his motion to extend discovery under Federal Rule of Civil Procedure 56(h) was to prove that Defendant had made false statements about Plaintiff's fall and to obtain records regarding Plaintiff's past use of Meclizine. (Dkt. No. 115 at 16.)   This objection does not overcome the Report's finding that further discovery would leave undisturbed the conclusion that the "purported misrepresentations that Plaintiff accuses [Defendant] of making did not have a dispositive effect[.]" (Dkt. No. 111 at 22.)  Specifically, even assuming that Defendant had been aware of Plaintiff's fall, Defendant would not have changed his mind about Plaintiff's Meclizine prescription, "given how his fall is likely to have been a symptom caused by excessive doses of medication." (Dkt. No. 111 at 22; Dkt. No. 91-1 at 13, ¶ 81.)  Plaintiff has not shown how such an assessment was medically unacceptable under the circumstances.

Plaintiff similarly objects that he has been assigned the "absurd burden" of showing that Defendant knew of Plaintiff's fall risk. (Dkt. No. 115 at 17.)  But the Report assumed, for purposes of argument, that Defendant was aware of Plaintiff's fall, yet reasonably concluded that Defendant would not have changed his mind about Plaintiff's prescriptions, "given how his fall is likely to have been a symptom caused by excessive doses of medication." (Dkt. No. 111 at 22; Dkt. No. 91-1 at 13, ¶ 81.)

Plaintiff objects that Defendant was deliberately indifferent for changing Plaintiff's medications. (Dkt. No. 115 at 18-21.) This objection fails to overcome the Report's detailed findings that Plaintiff established, at most, a disagreement with Defendant about the proper course of treatment, which does not create a triable issue for a deliberate indifference claim.

Plaintiff objects that Defendant is not entitled to qualified immunity because Plaintiff had a right to decide his own medical care. (Dkt. No. 115 at 22-28.) To the contrary, as the Report recognized, Plaintiff established only that he had a difference of opinion with his doctor, which does not create a triable issue for a deliberate indifference claim. (Dkt. No. 111 at 3, 18.)

Plaintiff further objects in his Reply to Defendant's Response to Plaintiff's Objections to the Report and Recommendation that, contrary to Defendant's representations, his initial objections to the Report were timely filed. (Dkt. No. 120 at 1.) The Court has considered the substance of Plaintiff's objections in their entirety, without any regard to whether they were timely filed.

Plaintiff objects that, contrary to Defendant's assertions, he did not testify falsely about his medication. (Dkt. No. 120 at 2.) As stated previously, the Report made no credibility assessments. (Dkt. No. 111.)

Plaintiff objects that his medical records from different prisons raise a genuine issue of material fact for his deliberate indifference claim. (Dkt. No. 120 at 2-3.) As stated previously, Plaintiff established only that he had a difference of opinion with his doctor, which does not create a triable issue for a deliberate indifference claim. (Dkt. No. 111 at 3, 18.)

Plaintiff objects that Defendant's medical decisions were "not reasonable." (Dkt. No. 120 at 4.) This conclusory objection fails to raise a triable issue. Plaintiff has not presented evidence showing that Defendant's medical decisions were "medically unacceptable" or made with the knowledge they would present "an excessive risk to Plaintiff's health." (Dkt. No. 111 at 29.)

In sum, Plaintiff's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation is accepted (Dkt. No. 111); (2) Plaintiff's motion to deny summary judgment in order to extend discovery under Rule 56(h) is denied (Dkt. No. 100); (3) Defendant's motion for summary judgment is granted (Dkt. No. 91); and (4) Judgment shall be entered dismissing this action with prejudice.

DATED: May 31, 2024

MONICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE